UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
    - v. -                                     :
:
CARL HENRY,
       a/k/a "Big Ski,"                 :
       a/k/a "Biggs,"
:
           Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/25

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

23 Cr. 454 (VB)

WHEREAS, on or about August 29, 2023, CARL HENRY (the "Defendant"), was charged in eight counts of a seventeen-count Sealed Indictment, 23 Cr. 454 (VB) (the "Indictment"), with: (i) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); (ii) attempted murder, assault, and attempted assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), (a)(6) and 2 (Count Two); (iii) discharging a firearm in furtherance of a crime of violence (*i.e.*, Count Two), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Three); (iv) attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5) and 2 (Count Eight); (v) discharging a firearm in furtherance of a crime of violence (*i.e.*, Count Eight), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Nine); (vi) conspiring to participate in a check fraud scheme, in violation of 18 U.S.C. § 1349 (Count Fifteen); (vii) conspiring to participate in an unemployment fraud scheme, in violation of 18 U.S.C. § 1349 (Count Sixteen); and (viii) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), (b), and 2 (Count Seventeen);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 1963, of any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting or derived from proceeds, obtained, directly and indirectly from the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about August 21, 2024, the Defendant appeared before the Honorable Andrew E. Krause, United States Magistrate Judge for the Southern District of New York, and allocuted to the conduct in Counts One and Three, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 1963, any and all property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about October 30, 2024, this Court entered an order accepting the Defendant's plea allocution;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $246,100 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Greg Brown, Kayshawn

Massop, and Amari Jackson (collectively, the "Co-defendants") to the extent a forfeiture money judgment is entered against the Co-defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Edward Y. Kim, Acting United States Attorney, Assistant United States Attorney Benjamin Klein, of counsel, and the Defendant and his counsel, Bruce Koffsky, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $246,100 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendants to the extent a forfeiture money judgment is entered against the Co-defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant CARL HENRY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

    4.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

    5.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

    6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

    7.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: ____/s/ BK_____     01/20/25
    BENJAMIN KLEIN                      DATE
    BEN ARAD
    ANDREW CHAN
    CHRISTY SLAVIK
    Assistant United States Attorney
    50 Main Street, Suite 1100
    White Plains, NY 10606
    (914) 993-1908/1907


CARL HENRY

By: ____C. Henry_____      1/21/25
    CARL HENRY                          DATE


By: _____    1/21/25
    BRUCE KOFFSKY, ESQ.                 DATE
    Attorney for Defendant
    203-327-1500

SO ORDERED:

_____        1/21/25
HONORABLE VINCENT L. BRICCETTI          DATE
UNITED STATES DISTRICT JUDGE